# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CRYSTAL RAYBORN; SEAN RAYBORN; and GB 1913, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. ) ) |
| JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; and JOHN DOE 4, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COME NOW the Plaintiffs Crystal Rayborn, Sean Rayborn, and GB 1913, Inc., and hereby submit this Complaint and, in support thereof, show the Court the following:

PARTIES AND JURISDICTION

1.

Plaintiffs Crystal Rayborn and Sean Rayborn are residents and citizens of the State of Georgia, residing in the City of Woodstock, Georgia.

2.

Plaintiff GB 1913, Inc., is a Wyoming corporation formed under the laws of the State of Wyoming, which has its principal place of business located in Georgia.

3.

Upon information and belief, Defendant John Doe 1 is the accountholder holder of the bank account that received Plaintiffs' funds, and is a citizen of another state or country, who has committed tortious acts within the State of Georgia and has transacted business within the State of Georgia, which acts have caused injury within the State of Georgia.

4.

Upon information and belief, Defendant John Doe 2 is the beneficial owner of the bank account that received Plaintiffs' funds, and is a citizen of another state or country, who has committed tortious acts within the State of Georgia and has transacted business within the State of Georgia, which acts have caused injury within the State of Georgia.

5.

Upon information and belief, Defendant John Doe 3 is a citizen of an unknown state or country who directed the fraudulent scheme set forth herein and/or owns a bank account to which funds have been subsequently transferred pursuant to a fraudulent scheme that targeted Georgia residents attempting to complete a real estate closing as an instrumentality of the scheme alleged herein.

6.

Upon information and belief, Defendant John Doe 4 is a citizen of an unknown state or country who directed the fraudulent scheme set forth herein and/or owns a bank account to which funds have been subsequently transferred pursuant to a fraudulent scheme that targeted Georgia residents attempting to complete a real estate closing as an instrumentality of the scheme alleged herein.

7.

Jurisdiction is proper in Georgia state courts pursuant to O.C.G.A. § 9-10-91(1)-(3) and in Georgia federal courts pursuant to 28 U.S.C. §§ 1331 and 1332.

8.

Venue is proper in the Georgia pursuant to O.C.G.A. § 9-10-91, and in the District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claim occurred in Woodstock, Georgia, located within the Northern District of Georgia, Atlanta Division. Specifically, Georgia citizens attempting to complete a real estate closing were targeted by a fraudulent enterprise, resulting in them wiring funds from their bank in Woodstock, Georgia, to a money mule account unrelated to the closing.

## FACTUAL BACKGROUND

9.

For the past fifteen years, the Rayborns have searched for a lake house property. They finally found one in Center, Alabama, and they sought to close on this property in September 2025 (the "Closing"). The closing firm for the transaction was Shane Givens, LLC ("Closing Law Firm").

10.

In connection with the Closing, the Rayborns received an email ("Fraudulent Email") with wire instructions purporting to be from Amanda Burton, a paralegal at the Closing Law Firm, on September 26, 2025. The Fraudulent Email appeared to come from [aburton@shanegivenslaw.com](mailto:aburton@shanegivenslaw.com).

11.

The wire instructions ("Fraudulent Wire Instructions") requested that the Rayborns wire closing funds to an account at Wells Fargo, account number xxxxxx6007 (the "Wells Fargo 6007 Account").

12.

On September 29, 2025, in reliance on the Fraudulent Wire Instructions, the Rayborns wired the sum of $101,928.58 from their personal account at Regions Bank and $4,679 from their business account in the name of GB 1913, Inc., to the Wells Fargo 6007 Account, for a total of $106,607.58 (the "Wire Transfers").

4

13.

After the Plaintiffs sent the Wire Transfers, the Rayborns learned that the Wells Fargo 6007 Account was not affiliated with the Closing or the Closing Law Firm. Plaintiffs do not know the identity of the accountholder of the Wells Fargo 6007 Account.

14.

Upon information and belief, Defendant John Doe 1 is the accountholder holder of the bank account that received Plaintiffs' funds.

15.

Upon information and belief, Defendant John Doe 2 is the beneficial owner of the bank account that received Plaintiffs' funds.

16.

Upon information and belief, Defendant John Doe 3 is a person who directed the fraudulent scheme set forth herein and/or owns a bank account to which funds have been subsequently transferred pursuant to a fraudulent scheme.

17.

Upon information and belief, Defendant John Doe 4 is a person who directed the fraudulent scheme set forth herein and/or owns a bank account to which funds have been subsequently transferred pursuant to a fraudulent scheme.

18.

The Declaration of Crystal Rayborn is attached as Exhibit 1 hereto and true and correct copies of documents relating to the Wire Transfers are attached thereto, including the Fraudulent Wire Instructions, the hackers' email purporting to be from the Closing Law Firm with instructions, and confirmation of the Wire Transfers.

19.

Plaintiffs seek the aid of the Court and the Court's laws and rules to discover the identity of the persons or businesses who own the Wells Fargo 6007 Account and who engaged in the fraudulent scheme alleged herein.

FIRST CLAIM FOR RELIEF – CIVIL RICO

20.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

21.

Plaintiffs bring claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to the provisions of 18 U.S.C. § 1961, *et seq*.

22.

Defendants and their co-conspirators engaged in conduct of an enterprise through a pattern of racketeering activity that included interstate mail fraud, interstate wire fraud, and money laundering, including but not limited to violations

of 18 U.S.C. §§ 1956(a)(2)(A) (money laundering), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), including but not limited to the use of wire transfers to divert and hide fraudulently obtained funds, the use of the mails to mail cashier's checks to other participants in the scheme alleged herein, the use of digital wallets and assets to abscond with Plaintiff's funds, and conducting financial transactions with proceeds of unlawful activity (*Gen. Cigar Co. v. CR Carriers, Inc.*, 948 F.Supp. 1030, 1039 (M.D. Ala. 1996)). Upon information and belief, Defendants John Doe 1, John Doe 2, and their co-conspirators knew that the funds were proceeds of unlawful activities at the time they transferred and converted the funds.

23.

Plaintiffs have suffered damages in excess of $106,607.58, which damages were proximately caused by Defendants' RICO violations and are entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants are and should be held liable to Plaintiffs.

24.

The transactions by Defendants alleged herein were part of a pattern of racketeering activity, including but not limited to transfers of other stolen funds received by, contained in, and transferred from the Wells Fargo 6007 Account and other accounts used in the scheme.

25.

Upon information and belief, Defendants' transactions with Plaintiff do not appear to be isolated in light of the complex nature of the scheme alleged herein.

26.

As held by the Eleventh Circuit Court of Appeals, "A jury could find it strange that those who insist that their conduct was proper and their intent pure went to such great lengths to hide it all from the light of day. From such secrecy much may be inferred." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

27.

Defendants went to great lengths to hide their scheme from Plaintiffs, including hacking emails, posing as persons known to Plaintiffs, using money mule accounts, and soliciting participants to accomplish the ends of the scheme. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

28.

Plaintiffs have suffered damages in excess of $ 106,607.58, which damages were proximately caused by Defendants' RICO violations, and are entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants are liable to Plaintiff.

## SECOND CLAIM FOR RELIEF – MONEY HAD AND RECEIVED

29.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

30.

Defendants directed funds of Plaintiffs to be transferred into the Wells Fargo 6007 Account for the benefit of Defendants. These funds constitute money which Defendants are not entitled in good conscience to retain.

31.

Defendants have the obligation from the "ties of natural justice" to refund the funds that were transferred by the Wire Transfers to the Wells Fargo 6007 Account, which funds were wired into said account by fraud.

32.

Defendants have caused damage to Plaintiffs by engaging in fraudulent hacking of emails, providing false wire instructions, and mis-directing funds in Plaintiffs' accounts to the Wells Fargo 6007 Account, for which they should be and are liable in damages and for injunctive relief ordering freezing of the funds and return of the funds to Plaintiffs.

## THIRD CLAIM FOR RELIEF – FRAUD

33.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

34.

Upon information and belief, Defendants obtained funds of Plaintiffs by engaging in fraudulent hacking of emails, providing false wire instructions, and mis-directing funds in Plaintiffs' accounts to the Wells Fargo 6007 Account, for which they should be and are liable in damages and for injunctive relief ordering freezing of the funds and return of the funds to Plaintiffs.

35.

Defendants committed these acts for the purpose of fraudulently obtaining the Plaintiffs' funds.

36.

Defendants intended that Plaintiffs rely on the aforesaid misrepresentations.

37.

Plaintiffs reasonably relied on the aforesaid misrepresentations.

38.

Plaintiffs' reliance on the misrepresentations was foreseeable.

39.

The actions of Defendants constitute fraud for which Plaintiffs are entitled to recover damages and injunctive relief from Defendants.

FOURTH CLAIM FOR RELIEF – CIVIL CONSPIRACY

40.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

41.

Upon information and belief, Defendants conspired and agreed with each other and with one or more other persons or entities to commit the fraudulent acts set forth herein.

42.

As set forth above, Defendants and their co-conspirators acted pursuant to a common intent and design with other individuals and/or entities to fraudulently move, through a series of transactions, funds of Plaintiffs to the Wells Fargo 6007 Account.

43.

Plaintiffs were damaged by the aforesaid conspiracy, for which Defendants should be and are liable in damages.

## FIFTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

44.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

45.

As set forth above, Defendants fraudulently obtained funds rightfully belonging to Plaintiffs through a series of acts that ultimately caused Plaintiffs to transfer the funds into the Wells Fargo 6007 Account.

46.

Defendants and their co-conspirators should not be allowed to enjoy the beneficial interest or ownership of the funds fraudulently transferred without violating established principles of equity.

47.

A constructive trust should be imposed on all funds traceable to the wire transfer from Plaintiffs to the Wells Fargo 6007 Account.

## SIXTH CLAIM FOR RELIEF – INJUNCTIVE RELIEF

48.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

.

49.

As set forth above, there is a substantial likelihood that Plaintiffs will prevail on the merits of its claims. If this injunction is not granted, Plaintiffs stand to suffer irreparable injury, loss and damage if Defendants further negotiate from the Wells Fargo 6007 Account, use proceeds from the stolen funds in the Wells Fargo 6007 Account, and transfer the funds into digital assets. In light of the fraudulent activity which resulted in money entering into the recipient accounts, including but not limited to the Wells Fargo 6007 Account, Defendants are likely to dispose of Plaintiffs' property and funds if the relief requested herein is not granted. The threatened injury to Plaintiffs outweighs the threatened harm the injunction may do to Defendants. Granting an injunction will not disserve the public interest in that there is no public interest in recipients of fraudulent transfers retaining such funds.

50.

An injunction, including but not limited to an asset freeze and a freeze on the Wells Fargo 6007 Account, is warranted and should be issued on a temporary and permanent basis pursuant to O.C.G.A. §§ 9-5-1, 9-11-65 and 11-4A-503, and Fed.R.Civ.P. Rule 65. The injunction should restrain Defendants, all persons acting in concert with or in participation with any of them, their officers, directors, agents, representatives, successors, assigns, any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks,

financial institutions, or other companies that engage in the processing or transferring of money and/or real or personal property, who receive actual notice of the Court's Order by personal service or otherwise from, without prior approval of the Court, transferring, disposing of, or secreting any money or proceeds of money from Defendants and any other assets of Defendants from accounts associated with or utilized by any of the Defendants, or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, into or out of any accounts associated with or utilized by any of the Defendants, regardless of whether such accounts are located in the United States or abroad, including but not limited to the Wells Fargo 6007 Account. This Order should include but not be limited to any and all accounts and assets utilized or owned by Defendants.

## SEVENTH CLAIM FOR RELIEF – PUNITIVE DAMAGES

51.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

52.

Upon information and belief, the actions of Defendants were egregious and intentional, and such willful misconduct was the result of malice, fraud, wantonness, oppression, and an entire want of care that would raise the presumption of deliberate

indifference to the consequences. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants under O.C.G.A. § 51-12-5.1.

## EIGHTH CLAIM FOR RELIEF – ATTORNEYS' FEES

53.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

54.

Defendants engaged in actions as further set forth herein that were in bad faith; Defendants have caused Plaintiffs unnecessary trouble and expense; and Defendants have been stubbornly litigious. Accordingly, an award of attorneys' fees is authorized against Defendants John Doe 1 and John Doe 2 pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiffs pray for the following relief:

1) That process issue in accordance with the law;
2) That Plaintiffs have a judgment for injunctive relief and disgorgement of funds wrongfully taken, received, and misappropriated, including but not limited imposing an asset freeze on assets of Defendants, the Wells Fargo 6007 Account, and all other accounts which received the fraudulently transferred funds set forth herein;

15

3) That Plaintiffs be awarded compensatory, nominal, treble, and general damages against Defendants as compensation for their intentional, wanton and willful actions;

4) That Plaintiffs be awarded punitive damages against Defendants;

5) That Plaintiffs be awarded costs of this action and attorneys' fees against Defendants; and

6) That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted, this, the 13th day of October, 2025.

          COPELAND, STAIR, VALZ & LOVELL, LLP

          By: */s/Mark D. Lefkow*
               MARK D. LEFKOW
               Georgia Bar No. 004289

          *Attorneys for Plaintiffs Crystal Rayborn, Sean Rayborn, and GB 1913, Inc.*

191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303
Phone: (404) 522-8220
Fax: (404) 523-2345
Email: mlefkow@csvl.law

\* Local Rule 5.1(C) Certification: This document was prepared using Times New Roman 14-point font, one of the fonts allowed by N.D. Ga. L.R. 5.1(C).